**THE HONORABLE PAUL B. SNYDER**
**CHAPTER 13**
**HEARING DATE:  March 4, 2010**
**HEARING TIME:  1:00 p.m.**
**LOCATION:  TACOMA, WASHINGTON**
**RESPONSE DATE:  February 25, 2010**

**IN THE UNITED STATES BANKRUPTCY COURT FOR THE**
**WESTERN DISTRICT OF WASHINGTON AT TACOMA**

In Re:                                      )          Case #09-49409
                                            )
ROBERT W. DIETZ,                            )
JOAN M. DIETZ,                              )          **OBJECTION TO EXEMPTION**
                                            )          **AND NOTICE OF HEARING ON**
                                            )          **OBJECTIONS**
                            Debtors.        )
_____)

## NOTICE

**YOU ARE HEREBY NOTIFIED** that a hearing on Trustee's Objection to Exemptions will be heard before The Honorable Paul B. Snyder on **March 4, 2010  at 1:00 p.m**. at the Union Station, 1717 Pacific Avenue, **Courtroom H**, Tacoma, Washington, 98402.

If you choose to respond to this motion, you must do so by **February 25, 2010** by serving a copy of your response to The Clerk of the Court and on the Chapter 13 Trustee. If you fail to do so, the Court may enter an order granting the motion without any hearing and without any further notice to you.

David M. Howe
Chapter 13 Trustee
1551 Broadway, Suite 600
Tacoma, WA  98402
(253) 572-6600

OBJECTION TO EXEMPTIONS and NOTICE OF
HEARING - 1

## <u>OBJECTION</u>

 **COMES NOW** David M. Howe the Standing Chapter 13 Trustee and objects to exemptions claimed by the Debtors in Schedule C under 11 U.S.C. § 522(d)(5) for payments in the amount $16,800.00, made prior to the bankruptcy filing, by the Debtors to MARY DIETZ, who is ROBERT DIETZ's mother, and payments in the amount of $4,400.00, made prior to the bankruptcy filing by the Debtors to CAROL EVANS, who is JOAN DIETZ's mother. Under 11 U.S.C. §§522(g) and (h), a debtor is not entitled to exempt property that a trustee recovers under one of the trustee's avoiding powers if the property was voluntarily transferred . In this case, parents made to the Debtors payments were voluntary transfers. The Trustee anticipates taking steps to recover payments which appear to be avoidable preferences under 11 U.S.C. 547(b), including payments made by the Debtors to family members within a year of the following.

 This Chapter 13 case was filed on December 16, 2009, and the first meeting of creditors took place on January 21, 2010. Less than 30 days has passed since the first meeting of creditors.

 **WHEREFORE**, the exemptions claimed by the Debtors under 11 U.S.C. §522(d)(5) in Schedule C for payments made prior to the filing to their parents should be denied.

 **DATED** this 26th day of January, 2010.


/s/ David M. Howe
DAVID M. HOWE, Chapter 13 Trustee

David M. Howe
Chapter 13 Trustee
1551 Broadway, Suite 600
Tacoma, WA 98402
(253) 572-6600

## CERTIFICATE OF MAILING

I declare under penalty of perjury under the laws of the State of Washington that I mailed via regular mail a true and correct copy of the Trustee's Objection to Exemptions and Notice of Hearing to the following:

Robert & Joan Dietz                    Christina Latta Henry
323 Summit Avenue                   705 Second Ave., Suite 1050
Fircrest, WA 98466                    Seattle, WA 98104

GE Money Bank                         Marix Servicing, LLC
c/o Office Manager                    c/o Office Manager
Recovery Management Systems Corp.     1925 W. Pinnacle Peak Rd.
25 SE 2nd Ave., #1120            Phoenix, AZ 85027
Miami, FL 33131-1605

The following parties were noticed via ECF:

Christina Latta Henry, Attorney for Debtors
Camille V. Nightingale
U.S. Trustee

Executed at Tacoma, Washington on the 26th day of January, 2010.


/s/ Tracy Becker
TRACY BECKER

David M. Howe
Chapter 13 Trustee
1551 Broadway, Suite 600
Tacoma, WA 98402
(253) 572-6600